FERGUSON, Judge.
We granted review to consider the question of whether a mother who initiates de-' pendency proceedings for a troubled son has a right to initiate discovery after the child has been adjudicated dependent but before a final disposition has been made.
After the state refused her request to file a petition to declare her child, C.L., ungovernable, Patricia Torres filed a dependency petition alleging that her son persistently runs away and is beyond her control. Because C.L. had a long history of psychiatric problems, the mother also sought therapeutic residential placement with psychiatric counseling. On a stipulation, the child was then adjudicated dependent.
Nine days prior to the adjudication, the mother served a Request for Admission on the District Administrator for the Department of Health and Rehabilitative Services (HRS) asking the District Administration of HRS to admit that the district followed the Status Offender Policy Guidelines promulgated by HRS. On December 8,1986 HRS filed objections to the Request for Admission on grounds that the discovery did not relate to an “active allegation” and dealt with “procedural rather than factual matters.” Three days later the mother, pursuant to Florida Rule of Juvenile Procedure *14 8.770(c),[1] served the Deputy District Administrator for HRS with a subpoena duces tecum. The trial court issued an oral order upholding HRS’s objections to the Request for Admission and granted HRS a protective order.
In January a disposition hearing was held where HRS filed its pre-disposition report. After reviewing the report, the trial court signed an order of disposition placing the child in HRS custody. In February, the trial court rendered the order upholding HRS objections to discovery. Certiorari is sought to review the ruling which sustains the objections.
We agree that a petitioner-mother is barred from initiating discovery to determine whether HRS is following its own guidelines for placement of a child who has been adjudicated dependent.
A juvenile dependency action is divided into two distinct phases: adjudication and disposition. See Bell, Dependency Law in Florida, 53 Fla.Bar J. 652 (1979). HRS argues that after adjudication neither the court nor the mother, who has approached the court to find assistance for her family, has any further role in the proceeding. In support of the argument, HRS directs us to Florida Rule of Juvenile Procedure 8.770(a)(3) which provides that “[t]he petitioner shall be entitled to reciprocal discovery but shall not be entitled to initiate discovery under the rule.... ” Subsections (a)(3) and (c) are not inconsistent.
The rule clearly forecloses the initiation of discovery by the mother precisely because she, rather than the state, is the petitioner in the proceedings. We reject the broad proposition advanced by HRS, beyond the scope of the narrow question presented, suggesting that the mother’s procedural rights terminated with the dependency adjudication. We agree with the trial court, however, that the mother, as the petitioner for an adjudication that her child is dependent, may not initiate discovery to obtain information other than the information the department is required to disclose pursuant to subsection (a)(2) of the rule.[2]
Certiorari denied.

. Florida Rule of Juvenile Procedure 8.770(c) provides: "At any time after the filing of the petition alleging a child to be dependent any party may take the deposition upon oral examination of any person who may have information relevant to the allegations of the petition.”

. Rule 8.770(a)(2) provides:
(2) The following information shall be disclosed by any party upon demand:
(i)The names and address of all persons known to have information relevant to the proof or defense of the petition’s allegations.
(ii) The statement as defined in this rule of any person furnished in compliance with the preceding paragraph.
(iii) Any written or recorded statement and the substance of any oral statement made by the demanding party or a person alleged to be involved in the same transaction.
(iv) Tangible papers or objects belonging to the demanding party which are to be used at the adjudicatory hearing.
(v) Reports or statements of experts, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.